UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>   Plaintiff,<br><br>   vs.<br><br>SANTORO,<br><br>   Defendants. | 1:21-cv-00947-GSA-PC<br><br>**ORDER FOR CLERK TO RANDOMLY ASSIGN DISTRICT JUDGE TO THIS ACTION**<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH COURT'S ORDERS**<br>**(ECF Nos. 5, 6, 7.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.   BACKGROUND**

John Paul Frank Schowachert ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the Complaint commencing this action on May 13, 2021, together with an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, at the Sacramento Division of the United States District Court for the Eastern District of California. (ECF Nos. 1, 2.)  On June 20, 2021,  the case was transferred to this court. (ECF No. 4.)

On June 17, 2021 and June 28, 2021, the court issued orders requiring Plaintiff to sign and return the court's form for consent to or decline of Magistrate Judge jurisdiction within thirty

1

days. (ECF Nos. 4, 7.) The thirty-day deadlines have expired and Plaintiff has not returned the consent/decline form, or otherwise responded to the court's orders. (Court Record.)

On June 28, 2021, the court issued an order for Plaintiff to either (1) submit a signed application to proceed *in forma pauperis*, or (2) pay the $402.00 filing fee in full for this action, within thirty days. (ECF No. 2.) The thirty-day deadline has expired and Plaintiff did not submit a signed application to proceed *in forma pauperis*, pay the $402.00 filing fee in full, or otherwise respond to the court's order. (Court Record.)

## II.   DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since May 13, 2021. Plaintiff's failure to comply with the court's orders may reflect his disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not resolve payment of the filing fee for his lawsuit. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to submit a signed application proceed *in forma pauperis* or pay the $402.00 filing fee for this action that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the

court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* who has not paid the filing fee for this action, the court finds monetary sanctions of little use, and given the early stage of these proceedings, the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

### III.     CONCLUSION AND RECOMMENDATIONS

The Clerk of Court is **HEREBY ORDERED** to randomly assign a District Judge to this case.

Based on the foregoing, the court **HEREBY RECOMMENDS** that this action be dismissed, without prejudice, based on Plaintiff's failure to obey the court's orders of June 17, 2021 and June 28, 2021.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 16, 2021**                    **/s/ Gary S. Austin**
                                                                 UNITED STATES MAGISTRATE JUDGE